[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12209
Non-Argument Calendar

_____

D.C. Docket No. 0:11-cr-60180-MGC-1


UNITED STATES OF AMERICA,

                                                            Plaintiff-Appellee,

versus

DANIEL SINDONI,

                                                            Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 27, 2013)

Before TJOFLAT, CARNES, and PRYOR, Circuit Judges.

PER CURIAM:

        Daniel Sindoni appeals his sentence of 200 months imprisonment, imposed

after he pleaded guilty to distribution of child pornography in violation of 18

U.S.C. § 2252(a)(2). Sindoni challenges the substantive reasonableness of his sentence, which fell within his calculated guidelines range of 180 to 210 months imprisonment, contending that the district court should have imposed a mandatory minimum sentence of 180 months given his mental health issues and age.[1] At the time of sentencing, Sindoni was 22 years old. He has exhibited severe behavioral and emotional problems since the age of 10, was involuntarily committed to a mental hospital at age 14 following two suicide attempts, and was diagnosed in 2010 with depression and Asperger's syndrome, a high-functioning form of autism.

We review the substantive reasonableness of a sentence under a deferential abuse of discretion standard in light of the totality of the circumstances. Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 597 (2007). The party challenging a sentence has the burden of demonstrating that it is unreasonable in light of the record and the factors outlined in 18 U.S.C. § 3553(a), which include the history and characteristics of the defendant, the nature and circumstances of the offense, the applicable guidelines range, and the need for deterrence and protection of the public. See 18 U.S.C. § 3553(a); United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he weight to be accorded any given § 3553(a) factor is a matter

---

[1] Sindoni was subject to a mandatory minimum sentence of 15 years imprisonment and a possible maximum term of 40 years, more than double the sentence he received, because he had a prior state conviction for possession of child pornography. See 18 U.S.C. § 2252(b)(1).

committed to the sound discretion of the district court." United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008) (quotation marks omitted). We will reverse a sentence as substantively unreasonable only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted). While we do not presume that a within-guidelines sentence is reasonable, we ordinarily expect it to be so. United States v. Lebowitz, 676 F.3d 1000, 1016 (11th Cir. 2012).

Sindoni has not demonstrated that his within-guidelines sentence is substantively unreasonable in light of the record and the § 3553(a) factors. The undisputed facts show that, as part of his offense, Sindoni sent numerous emails to five different people containing approximately 100 images of child pornography, many of which involved prepubescent boys under the age of 12 and some of which depicted sadistic or masochistic conduct. Sindoni also received 23 images and one video of child pornography via email; had more than 600 images of child pornography on his computer; frequented a child pornography website where he once declared, "I support sex with children"; and admitted to the police that at age 17 he molested his 3-year-old nephew. Furthermore, less than a year before he

3

was arrested for his current offense, Sindoni was convicted in Florida of possessing child pornography and sentenced to five years of sex offender probation, the terms of which he violated in the course of committing his federal offense.

Although Sindoni has an extensive history of mental health problems, the district court took that factor into account when it recommended that he serve his sentence in a mental health facility. The court nonetheless concluded that a 200-month sentence was warranted by Sindoni's criminal activity. Given the seriousness and scope of his offense conduct, his prior conviction for possessing child pornography, and the need to afford adequate deterrence and protect the public, we are far from convinced that the sentence imposed by the district court falls outside the range of reasonable sentences dictated by the facts of this case. Accordingly, we affirm Sindoni's sentence.

**AFFIRMED.**